UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-25168-BLOOM/Louis

WOODFOREST NATIONAL BANK,

 Plaintiff,
v.

FREEMAN ORTHODONTICS, P.A., *et al.*,

 Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court on Plaintiff Woodforest National Bank's Motion for Summary Judgment, ECF No. [50], filed April 23, 2020.[1] The Motion seeks summary judgment allowing Plaintiff to enforce "several binding agreements" Compl., ECF No. [1] ¶ 29, collectively referred to as Loan Documents, *see id.* The Loan Documents include a Loan Agreement, ECF No. 1-1, under which Plaintiff extended a "revolving credit facility" to Borrowers[2] in the amount of $6,500,000.00, *see* Loan Agreement section A; a Revolving Line of Credit Promissory Note ("Note"), ECF No. [1-2]; a Security Agreement, ECF No. [1-7], granting Plaintiff a security interest in Borrowers' Collateral;[3] and three Guarant[ies] of Payment and Performance, ECF Nos.

---

[1] Plaintiff's factual submissions include a Statement of Material Facts in Support of Motion for Summary Judgment, ECF No. [49] and the Affidavit [of Joseph A. Clepper], ECF No. [48-1].

[2] The Borrowers include Defendants, Freeman Orthodontics, P.A.; Interstellar Disruption LLC; GoBig.ly LLC; and Freeman Mobile Orthodontics. A Clerk's Default, ECF No. [45], was entered as to Defendant, GoBig.ly on April 8, 2020; following which Plaintiff filed a Notice of Joint Liability, ECF No. [47], as to GoBig.ly, explaining the Borrowers' joint and several liability under the Loan Agreement and requesting the Court enter default final judgment against GoBig.ly upon resolution of liability as to all Defendants.

[3] The Borrowers' Collateral is defined in section 2.1 of the Security Agreement.

[1-11–1-13], executed by Defendants Christopher Freeman; Jeffrey Wilson; and Wayne Pearson, respectively (collective "Guarantors"). [4]

On May 17, 2020, after Plaintiff filed its Motion, three of the Borrowers, Freeman Orthodontics, P.A.; Interstellar Disruption LLC; Freeman Mobile Orthodontics, (collectively, "Bankrupt Borrowers") and Freeman, individually, filed a Suggestion of Bankruptcy, ECF No. [56]. The next day, the Court entered an Order, ECF No. [57], staying the case as to these Defendants.

On May 19, 2020, the Court entered an Order, ECF No. [58] instructing the remaining Defendants — Guarantors Wilson and Pearson — to respond to the Motion and cautioned those Defendants that the Court would consider the Motion without the benefit of a response should they not comply. *See* May 19, 2020 Order. To date, neither Defendants Wilson nor Pearson have responded to the Motion. Accordingly, the Court considers the Motion on the merits. For the following reasons, the Motion is granted in part.

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the nonmoving party. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The Court cannot grant a motion for summary judgment by default, even where the nonmoving party fails to respond. *See United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[A] district court cannot base the entry of summary judgment on the mere fact

---

[4] The Court refers to the separate Guaranties as the "Freeman Guaranty," the "Wilson Guaranty," and the "Pearson Guaranty."

that the motion was unopposed." (alteration added; citation omitted)); *see also* Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendment ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ." (alterations added)). But "if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to [summary judgment]," the Court may grant the motion where the nonmoving party fails to address the moving party's assertion of fact. Fed. R. Civ. P. 56(e)(3) (alteration added). A court ruling on an unopposed motion for summary judgment must "ensure that the motion itself is supported by evidentiary materials" and "indicate that the merits of the motion were addressed." *5800 SW 74th Ave.*, 363 F.3d at 1101–02 (footnote call number and internal quotation marks omitted) (quoting *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)); *see also Hubbard v. Meritage Homes of Fla., Inc.*, 520 Fed. App'x. 859, 860 (11th Cir. 2013) (citation omitted).

The allegations in the Complaint are straightforward: Plaintiff loaned Borrowers $6,500,000.00, *see* Compl. ¶¶ 27–29, Borrowers defaulted, *see id.* ¶¶40–41, so Plaintiff sought payment from Guarantors, who likewise failed to pay Plaintiff, *see id.* ¶¶ 43–44. Plaintiff sent Borrowers and Guarantors a Notice of Default, ECF No. 1-14, and approximately six months later, a Demand for Payment, ECF No. [1-15], to no avail. *See id.* ¶¶ 42–44. Plaintiff seeks repayment of the principal, plus interest, late charges, and attorney's and consultant's fees. *See id.* ¶¶ 46–47.

Plaintiff sets forth the same basic facts in support of its Motion. *See generally* Pl.s SOF. Pointing to the Loan Documents, Plaintiff argues it is entitled to enforce the same because (1) the Loan Documents are contracts; (2) Borrowers and Guarantors breached their respective contracts by failing to pay Plaintiff; and (3) Plaintiff has suffered monetary damages. (*See* Mot. 8–10).

As noted, Plaintiff filed its Motion before the Bankrupt Borrowers and Freeman filed the Suggestion of Bankruptcy. Because the case is stayed as to these Defendants, the Court only

3

addresses the Motion as it pertains to Wilson and Pearson. *See Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 Civ, 2005 WL 5544964, at *1 (S.D. Fla. Nov. 4, 2005) ("It is well established that stays pursuant to [section] 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." (alteration added)).

> The Guaranties, which are not disputed, contain the following provisions:
>
> Guarantor hereby unconditionally and irrevocably guarantees to Lender the punctual payment when due, whether by lapse of time, by acceleration of maturity, or otherwise, of all principal, interest (including interest accruing after maturity and after the commencement of any bankruptcy or insolvency proceeding by or against Borrower, whether or not allowed in such proceeding), prepayment premiums, fees, late charges, costs, expenses, indemnification indebtedness, and other sums of money now or hereafter due and owing, or which Borrower is obligated to pay, pursuant to the terms of the Note, the Loan Agreement, that certain Security Agreement by and between Borrower and Lender . . . .

Wilson Guaranty § 1.[5]

> Guarantor agrees that neither Lender's rights or remedies nor Guarantor's obligations under the terms of this Guaranty shall be released, diminished, impaired, reduced or affected by any one or more of the following events, actions, facts, or circumstances, and the liability of Guarantor under this Guaranty shall be absolute, unconditional and irrevocable irrespective of: . . . (viii) the insolvency, bankruptcy, dissolution, liquidation, termination, receivership, reorganization, merger, consolidation, change of form, structure or ownership, sale of all assets, or lack of corporate, partnership or other power of Borrower or any other person at any time liable for the payment of any or all of the Guaranteed Obligations.

*Id.* § 4(a)

> If acceleration of the time for payment of any amount payable by Borrower under the Note, the Loan Agreement, or any other Loan Document is stayed or delayed by any law or tribunal, all such amounts shall nonetheless be payable by Guarantor on demand by Lender.

*Id.* § 4(e).

> The validity, enforcement, and interpretation of this Guaranty, shall for all purposes be governed by and construed in accordance with the laws of the State of Florida and applicable United States federal law, and is intended to be performed in accordance with, and only to the extent permitted by, such laws. . . .

---

[5] The Court cites only Wilson Guaranty because, unless otherwise noted, its language is identical to that in the Pearson Guaranty.

*Id.* § 9.

There is no dispute that Wilson and Pearson are currently in default under their respective Guaranties because "neither Borrowers nor Guarantors paid the balance due on the maturity date or thereafter upon receipt of notice and demand." Pl.'s SOF ¶ 22. In other words, Plaintiff has shown there is no genuine dispute that both Wilson and Pearson breached a contract under Florida law. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.")

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff Woodforest National Bank's Motion for Summary Judgment, ECF No. **[50]**, is **GRANTED in part** and Judgment will be entered against Defendant Wayne Pearson and Defendant Jeffrey Wilson by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

5